IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABEL DAHN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SARAH A. HART, ET AL. | : | NO. 17-3591 |

**MEMORANDUM**

**Padova, J.**                                                                                                    **March 19, 2018**

Plaintiff Abel Dahn asserts claims against Defendants Sarah A. Hart and Detective Justin Montgomery for false arrest and malicious prosecution pursuant to 42 U.S.C. § 1983 and state law arising from his arrest for the indecent assault and harassment of Hart. Defendants have moved to dismiss Plaintiff's First Amended Complaint. For the reasons that follow, their Motions are granted.

**I.      BACKGROUND**

The First Amended Complaint alleges the following facts. On May 21, 2016, at approximately 2:00 a.m., Hart requested a ride from Uber, for pick up at 943 S. 49th Street, Philadelphia, Pennsylvania, and drop off at 1616 Ellsworth Street, Philadelphia, Pennsylvania. (1st Am. Compl. ¶ 9.) Plaintiff, an Uber driver, received that request and picked up Hart, who was intoxicated when she got into the rear seat of Plaintiff's minivan. (Id. ¶¶ 8-9, 11-12.) At one point during her ride, Hart yelled to Plaintiff that she was going to vomit and Plaintiff pulled his minivan over and helped Hart get out of the vehicle so that she could vomit. (Id. ¶¶ 13-14.) When she was done, Plaintiff helped Hart get back into the minivan and drove her to her destination without further incident. (Id. ¶¶ 15-16.) At some point between 2:30 a.m. on May 21, 2016 and 1:43 a.m. on May 22, 2016, Hart gave Plaintiff a five star Uber driver rating. (Id. ¶ 17.)

During the afternoon of May 22, 2016, Hart falsely reported to Detective Montgomery that Plaintiff had assaulted her during the Uber ride. (Id. ¶¶ 18, 25.) Detective Montgomery completed an affidavit of probable cause in which he recounted Hart's accusation that Plaintiff repeatedly reached his hand into the back of the minivan and squeezed her leg, and also made random turns and stopped the minivan on four occasions, each time asking to join Hart in the back seat and to kiss her. (Id. Ex. B.) Detective Montgomery also recounted Hart's statement that, during one of the stops, she exited the minivan, but Plaintiff grabbed her arm and forced her back into the vehicle. (Id.)

The Philadelphia Municipal Court issued a warrant for Plaintiff's arrest based on Detective Montgomery's affidavit of probable cause. (Id. ¶ 26, Ex. C.) The warrant charged Plaintiff with unlawful restraint, indecent assault, simple assault, and harassment. (Id.) Plaintiff was subsequently also charged with "Kidnapping of Minor – Inflict Bodily Injury" and "False Imprisonment of Minor/Not Parent." (Id. ¶ 27, Ex. D.) Thereafter, the court dismissed the unlawful restraint, simple assault, kidnapping, and false imprisonment charges and Plaintiff was found not guilty of the remaining charges of indecent assault and harassment after a trial on December 20, 2016. (Id. ¶¶ 28-29, Ex. E.)

At the time of Hart's encounter with Plaintiff, Plaintiff worked for both Uber and Avis Rental Car. (Id. ¶ 30.) Both Uber and Avis Rental Car terminated Plaintiff as a result of Hart's false accusations and Detective Montgomery's affidavit of probable cause. (Id. ¶ 31.) Plaintiff has since been rejected from several job opportunities because of his criminal background, which consists only of the criminal charges arising from Hart's false accusations. (Id. ¶ 32, Ex. F.) For example, on September 21, 2016, the Transportation Security Administration rejected Plaintiff's application for a Transportation Worker Identification Credential because of his criminal

background.  (Id. ¶ 33, Ex. G.)  Plaintiff has spent approximately $16,000.00 to defend himself against the criminal charges and to have his criminal record expunged.  (Id. ¶ 35.)

The First Amended Complaint asserts two Counts against Hart and Detective Montgomery pursuant to 42 U.S.C. § 1983 and Pennsylvania law:  false arrest (Count I) and malicious prosecution (Count II).  Hart and Detective Montgomery have both moved to dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.    LEGAL STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."  Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).  We take the factual allegations of the complaint as true and "construe the complaint in the light most favorable to the plaintiff."  DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (citing Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011)).  Legal conclusions, however, receive no deference, as the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'"  Wood v. Moss, 134 S. Ct. 2056, 2065 n.5 (2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," which gives "'the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2), and Conley v. Gibson, 355 U.S. 41, 47 (1957)).  The complaint must contain "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the

court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "A complaint that pleads facts 'merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief.'" Connelly v. Lane Constr. Corp., 809 F.3d 780, 786 (3d Cir. 2016) (alteration in original) (quoting Iqbal, 556 U.S. at 678). In the end, we will grant a motion to dismiss brought pursuant to Rule 12(b)(6) if the factual allegations in the complaint are not sufficient "'to raise a right to relief above the speculative level.'" W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 169 (3d Cir. 2013) (quoting Twombly, 550 U.S. at 555).

### III. DISCUSSION

#### A. Sarah A. Hart

Plaintiff has brought two claims pursuant to 42 U.S.C. § 1983, which provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws. It does not, by its own terms, create substantive rights." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (footnote omitted) (citing Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979)); see also City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985) (stating that § 1983 "creates no substantive rights; it merely provides remedies

4

for deprivations of rights established elsewhere" (citing Baker, 443 U.S. at 140, 144 n.3)). Consequently, in order to state a claim for relief pursuant to § 1983, "a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." Kaucher, 455 F.3d at 423 (citing Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); and Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

While the Complaint does not identify the specific constitutional rights that Plaintiff's false arrest and malicious prosecution claims are based on, it alleges that Defendants caused the issuance of an arrest warrant and the subsequent prosecution without probable cause. (See 1st Am. Compl. ¶¶ 40, 47.) We therefore construe the Complaint as asserting violations of the protections against false arrest and malicious prosecution guaranteed by the Fourth Amendment to the United States Constitution. See Groman v. Township of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995); Dibella v. Borough of Beachwood, 407 F.3d 599, 601-02 (3d Cir. 2005)).

Hart asserts that the First Amended Complaint fails to state a § 1983 claim against her upon which relief can be granted because it does not allege any facts that would establish that she acted under color of state law. She also requests that we decline to assert supplemental jurisdiction over Plaintiff's state law claims against her if we dismiss his federal law claims.

The First Amended Complaint does not allege that Hart is employed by any government entity. Private individuals may only "be liable under § 1983 if they have conspired with or engaged in joint activity with state actors." Farrar v. McNesby, 639 F. App'x 903, 906 (3d Cir. 2016) (citing Dennis v. Sparks, 449 U.S. 24, 27-28 (1980)). Plaintiff contends that the First Amended Complaint sufficiently alleges that Hart acted under color of state law because it alleges she engaged in joint activity with Detective Montgomery by making a false report to

5

Detective Montgomery that led to Plaintiff's arrest and prosecution. However, "[c]omplaining in person to the police or filing a civilian criminal complaint are not acts of the State; they are acts that anyone can do. Filing a report or a civilian complaint does not transform a private citizen into a State actor." Sous v. Timpone, Civ. A. No. 15-7972, 2016 WL 2625325, at *4 (D.N.J. May 9, 2016) (citing Boyce v. Eggers, 513 F. Supp. 2d 139, 144-45 (D.N.J. 2007)); see also Baack v. Rodgers, Civ. A. No. 14-875, 2014 WL 4632380, at *1, 3 (E.D. Pa. Sept. 17, 2014) (rejecting § 1983 false arrest claim against a hospital and two of its employees who filed a police report regarding plaintiff's conduct because "reporting suspicious conduct to the police -- or answering police questions about that conduct -- without more, does not transform the Hospital Defendants into state actors" (citations omitted)); O'Neil v. Beck, Civ. A. No. 04-2825, 2005 WL 2030319, at *2 (M.D. Pa. Aug. 4, 2005) (concluding that allegations that a private citizen filed a false police report and wanted to see the plaintiff arrested are "simply insufficient" to establish that the private citizen is a state actor for purposes of a claim brought pursuant to section 1983). We therefore conclude that the allegations of the First Amended Complaint that Hart made a false police report to Detective Montgomery are insufficient to plausibly allege that Hart engaged in joint activity with a state actor such that she may be treated as a state actor for the purposes of liability under 42 U.S.C. § 1983. See Farrar, 639 F. App'x at 906. Consequently, we grant Hart's Motion to Dismiss as to the two claims brought against her pursuant to § 1983.

Pursuant to 28 U.S.C. § 1367(c)(3), we "may decline to exercise supplemental jurisdiction over a claim if" we have "'dismissed all claims over which [we have] original jurisdiction.'" Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 181 (3d Cir. 1999) (quoting 28 U.S.C. § 1367(c)(3)). Since we have dismissed both of the claims against Hart over which we

have original, federal question, jurisdiction, we decline to exercise supplemental jurisdiction over Plaintiff's state law claims against her. Our dismissal of the state law claims is without prejudice to Plaintiff reasserting those claims in a state court proceeding. Id. at 182 (noting that a dismissal of state law claims pursuant to § 1367(c)(3) "is not an adjudication on the merits and thus should be ordered without prejudice" (internal quotation marks omitted)).

B. The § 1983 Claims Asserted Against Detective Montgomery

Detective Montgomery argues that we should dismiss the First Amended Complaint as against him because it fails to assert facially plausible § 1983 claims for false arrest and malicious prosecution in violation of the Fourth Amendment.[1] Specifically, he contends that the First Amended Complaint fails to allege facts that support Plaintiff's contention that he lacked probable cause for Plaintiff's arrest, which is a necessary element of both of Plaintiff's § 1983 claims.

1. False Arrest

In order to state a § 1983 claim for false arrest in violation of the Fourth Amendment, a complaint must plausibly allege "(1) that there was an arrest; and (2) that the arrest was made without probable cause." James v. City of Wilkes-Barre, 700 F.3d 675, 680 (3d Cir. 2012) (citing Groman, 47 F.3d at 634; and Dowling v. City of Phila., 855 F.2d 136, 141 (3d Cir. 1988)). "'[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested.'" Goodwin v. Conway, 836 F.3d 321, 327 (3d Cir. 2016) (alteration in original) (quoting Orsatti v. N.J. State Police, 71 F.3d 480, 483 (3d Cir. 1995)). "[A] defendant is insulated from § 1983 liability for false arrest where

---

[1] Detective Montgomery does not specifically address Plaintiff's state law claims against him in his Motion to Dismiss.

probable cause existed as to *any* offense that could have been charged under the circumstances." Blair v. City of Pittsburgh, 711 F. App'x 98, 102 (3d Cir. 2017) (citing Johnson v. Knorr, 477 F.3d 75, 85 (3d Cir. 2007)).

Plaintiff argues that the First Amended Complaint sufficiently alleges that Detective Montgomery arrested Plaintiff without probable cause because it alleges that Detective Montgomery was aware of the following facts when he prepared the affidavit of probable cause: (1) Hart was intoxicated during the Uber ride even though she was under 18 years of age; (2) Hart gave Plaintiff a five star rating on Uber before she spoke to Detective Montgomery; (3) Hart waited approximately 38 hours before reporting the alleged assault; (4) Hart's Uber rating of Plaintiff included a map of the "relatively direct" route Plaintiff took when driving Hart; (5) Hart changed her story while she was talking to Detective Montgomery.[2] (Compl. ¶¶ 22-23.) "There is a presumption that information provided by a victim or witness to a crime carries an indicia of reliability." Newsome v. City of Newark, 279 F. Supp. 3d 515, 528 (D.N.J. 2017) (citing Greene v. City of Philadelphia, Civ. A. No. 97-4264, 1998 WL 254062, at *7 (E.D. Pa. May 8, 1998)) (additional citations omitted). Moreover, it is the rule in this Circuit "that statements of a victim witness are typically sufficient to establish probable cause in the absence of '[i]ndependent exculpatory evidence or substantial evidence of [a] witness's own unreliability' that 'outweigh[s]' the probable cause that otherwise exists." Dempsey v. Bucknell Univ., 834 F.3d 457, 477-78 (3d Cir. 2016) (alterations in original) (quoting Wilson v. Russo, 212 F.3d 781, 790 (3d Cir. 2000), and citing Sharrar v. Felsing, 128 F.3d 810, 818 (3d Cir. 1997)). "[S]ome

---

[2] The First Amended Complaint alleges that "[u]pon information and belief, Defendant, Sarah Hart's testimony of what allegedly occurred changed during Det. Montgomery['s] interview of her." (1st Am. Compl. ¶ 23.) The First Amended Complaint does not allege the manner in which Hart changed her story or whether any such inconsistencies in her story were substantial.

8

'unreliability or exculpatory evidence' will not 'fatally undermine[]' probable cause otherwise established." Id. at 478 (second alteration in original) (quoting Wilson, 212 F.3d at 790).

Detective Montgomery wrote in the affidavit of probable cause that Hart reported that the following occurred during her Uber ride:

> [Plaintiff] on several occasions would reach his hand into the back seat[,] squeeze her leg and ask to kiss her. The Complainant reported [Plaintiff] operated this vehicle with random turns and stopped the vehicle on at least 4 separate occasions requesting a kiss and to sit in the back seat with her. The Complainant reported that on one occasion when the vehicle stopped she exited the vehicle. [Plaintiff] also exited the vehicle, grabbed the Complainant by the arm, and forced her back into the vehicle."

(Compl. Ex. B.) None of the allegations upon which Plaintiff relies is inconsistent with the information that Detective Montgomery included in the affidavit of probable cause. Moreover, Plaintiff does not cite any authority for the proposition that Hart's age, inebriated condition, or unidentified changes to her report made her so unreliable as to outweigh "the probable cause that otherwise exist[ed]." Dempsey, 834 F.3d at 478. Viewing the allegations of the First Amended Complaint in the light most favorable to the Plaintiff, we conclude that these allegations, if true, would establish "some unreliability" or constitute limited "exculpatory evidence," but would be insufficient to eliminate probable cause. Id. (quotation omitted). The First Amended Complaint therefore fails to state a facially plausible § 1983 claim for false arrest in violation of the Fourth Amendment against Detective Montgomery because it fails to plausibly allege facts that would establish that Detective Montgomery lacked probable cause to arrest Plaintiff. See James, 700 F.3d at 680 (citations omitted). Consequently, we grant Detective Montgomery's Motion to Dismiss as to the § 1983 claim asserted in Count I of the First Amended Complaint.

2. Malicious Prosecution

In order to state a facially plausible § 1983 claim for malicious prosecution in violation of the Fourth Amendment, a complaint must allege that:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

Halsey v. Pfeiffer, 750 F.3d 273, 296-97 (3d Cir. 2014) (alteration in original) (quoting Johnson, 477 F.3d at 82; and citing Rose v. Bartle, 871 F.2d 331, 349 (3d Cir. 1989)). Detective Montgomery argues that the First Amended Complaint fails to state a cognizable claim against him for malicious prosecution because the facts as alleged establish that Plaintiff's arrest and prosecution were supported by probable cause. As we discussed above, the First Amended Complaint fails to plausibly allege that Detective Montgomery lacked probable cause to initiate Plaintiff's prosecution. We conclude, accordingly, that the First Amended Complaint fails to state a facially plausible § 1983 claim for malicious prosecution in violation of the Fourth Amendment. Consequently, we grant Detective Montgomery's Motion to Dismiss the § 1983 claim asserted in Count II of the First Amended Complaint.

IV. CONCLUSION

For the reasons stated above, we grant the Motions to Dismiss filed by Sarah A. Hart and Detective Justin Montgomery.[3] Plaintiff asks that we grant him leave to file an amended complaint. "[I]n civil rights cases district courts must offer amendment—irrespective of whether

---

[3] Hart's parents, Jeffery and Laura Hart, are also listed as Defendants in the caption of this action and they have also filed a Motion to Dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that it fails to allege any claims against them. Plaintiff agreed, in his Omnibus Memorandum of Law, to withdraw his claims against Jeffery and Laura Hart. (See Pl.'s Mem. § IV.) Consequently, we grant Plaintiff's request to withdraw his claims against Jeffery and Laura Hart.

it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); see also Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) ("[I]f a complaint is vulnerable to a 12(b)(6) dismissal, a District Court must permit a curative amendment unless an amendment would be inequitable or futile." (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002))). Since Hart's filing of an allegedly false police report does not make her a state actor, Sous, 2016 WL 2625325, at *4 (citation omitted), we conclude that amendment of Plaintiff's claims against Hart would be futile and we dismiss Plaintiff's claims against Hart with prejudice. However, we cannot conclude, at this stage of the litigation, that amendment of Plaintiff's claims against Detective Montgomery would necessarily be inequitable or futile and we therefore grant Plaintiff leave to file a Second Amended Complaint asserting claims against Detective Montgomery only.[4] An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova

_____

John R. Padova, J.

---

[4] Since we have granted Plaintiff's request for leave to file a second amended complaint as against Detective Montgomery, we need not address, at this time, whether we should retain supplemental jurisdiction over the state law claims asserted against him in the First Amended Complaint.